## MOORE v. RIONA PRODUCTS, Inc.

### No. 4000.

Court of Civil Appeals of Texas. El Paso.

Nov. 14, 1940.

R. M. Bounds, of McAllen, for appellant.

Chas. E. Thompson, of McAllen, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Hidalgo County in a contested garnishment proceeding against Riona Products, Inc., a corporation, wherein it was adjudged that plaintiff in garnishment, hereinafter called plaintiff, and the other garnishing creditors of the Riona Products Company, take nothing. Plaintiff, Paul D. Moore, perfected this appeal from the judgment.

Plaintiff instituted in the District Court of Hidalgo County a suit against Riona Products Company, a corporation, seeking to recover the sum of $667.74. At the time of filing of this suit a writ of garnishment was sued out against Riona Products, Inc. This writ was duly served and in due time garnishee filed sworn answer thereto denying indebtedness to, or having assets of, the Riona Products Company in its possession. In due time the plaintiff controverted that answer by sworn plea, attaching to said plea a lengthy schedule of personal property charged to belong to the Riona Products Company in the possession of the garnishee.

In the main suit defendant Riona Products Company defaulted, and plaintiff recovered in the amount claimed.

Fred A. Rice and H. C. Heath had each, respectively, obtained judgments in the Justice Court against the Riona Products Company, and each sued out writ of garnishment against Riona Products, Inc. On the prayer of the garnishee in the District Court each were made parties thereto. They made common cause with plaintiff, and charged that at all relevant times garnishee was in possession of the property of their judgment defendant, and sought judgment against garnishee for their respective claims.

The trial was to the court, and judgment was in favor of the garnishee on the issues tendered by the controverting pleas to defendant's answer.

No findings of fact and conclusions of law were demanded and none were filed.

Plaintiff contends that, under the undisputed testimony, he was entitled to recover. In other words, the imputed findings of the trial court are without support in the testimony.

■ If the contention advanced is sustained by the record, then plaintiff is entitled to relief here. If, under the pleadings in evidence, there was a disputed issue as to the facts conditioning garnishee's liability, then the judgment of the trial court is final.

The facts, as developed by the evidence, present some complication. Riona Products Company was formerly engaged in the canning business in the City of McAllen. Part, at least, of its plant was a large two-story building which defendant owned. A portion of this building was rented to the McAllen Bonded Warehouse Company, which, at all relevant times, herein, conducted a warehouse and storage business therein. The Warehouse Company rendered service for the Canning Company. For part of the goods received by it for storage, it issued warehouse receipts. However, in its, portion of the building for a flat compensation of $1,000 per year, the Canning Company was entitled to store certain goods in the part of the building rented to the Warehouse Company.

At the time of the service of the writ of garnishment herein and prior thereto, the Canning Company, that is, Riona Products Company, was indebted to the Warehouse Company in the sum of $4,000.

About October or November, 1938, the Canning Company became involved in financial difficulties and ceased to operate as a going concern. About that time the City State Bank & Trust Company of McAllen foreclosed a second lien on the business house aforesaid and acquired title thereto at the foreclosure sale.

After the foreclosure the Warehouse Company continued to operate its business about as it had previously thereto. It was in possession of a number of cans for the Canning Company. These cans were transferred to the Bank by the Canning Company in consideration of the payment by the Bank of the indebtedness due the Continental Canning Company. These cans were originally claimed by plaintiff to be subject to its writ of garnishment, but this claim seems to have been abandoned; at the time the Bank acquired them, the garnishee was not in existence. Garnishee, Riona Products, Inc., was subsequently incorporated and the cans in question conveyed to it by the Bank.

■ When the garnishee was incorporated, it engaged in about the same business as the Riona Products Company had formerly pursued. It went into possession of the plant of the Riona Products Company, and the Warehouse Company continued to occupy and conduct its warehouse and storage business in the same manner it had formerly conducted same, holding and controlling the same space it had formerly controlled. Whether garnishee owned the building or the Bank owned same does not appear from the record, and we do not deem it to be material. The goods in controversy here the Warehouse Company continued to hold, save the cans before mentioned, in about the same manner it had held them before.

Certain popcorn and canned goods for which it had issued a warehouse receipt to the Riona Products Company were released on the order of that Company and its pledgee, the Bank.

Plaintiff in his brief seems to limit his claim to the following property:

| | | |
|---|---|---|
| 314 | Thirty gallon barrels at $2.75 each | $ 863.50 |
| 2100 | cartons at 5¢ ea. | 105.00 |
| 240 | 24/2-1/2 cartons at 5¢ ea. | 12.00 |
| 50 | 24/2 cartons at 5¢ ea. | 2.50 |
| 2140 | 48/1 cartons at 5¢ ea. | 107.00 |
| 770 | 24/12 ounce cartons at 5¢ ea. | 38.50 |
| 8500 | Handy Bottle Cartons at 5¢ ea. | 425.00 |
| 480 | 11/5 cartons at 5¢ ea. | 24.00 |
| | Total | $1577.50 |

■ It is contended that this property, at the relevant times herein, was in the building, occupied by the garnishee and the Warehouse Company. Granted this be true, the conclusive presumption does not follow that it was in the possession of the garnishee or in the joint possession of the garnishee and the Warehouse Company. The goods were not placed there by the garnishee. It had no right to the possession or control of them. The evidence is not conclusive, at least, that it ever did so assume control thereof. The Warehouse Company seems to have claimed the right to hold same to secure the indebtedness of the Riona Products Company.

The Warehouse Company, the Bank, the garnishee, Riona Products, Inc., and the Riona Products Company were separate and distinct institutions, so far as

908

this record goes. The possession of one was not the possession of the other.

At all times, especially after the Riona Products Company ceased to operate, the Warehouse Company seems to have maintained possession and control of the goods. In any event, the evidence is sufficient to raise issue that it did so do.

A question of fact was raised, the finding of the trial judge was final thereon.

Judgment affirmed.